*In re* ESTATE OF DAVID SHANDLING, Deceased.—JAMES R. McLEAN, Petitioner-Appellee, *v.* CHAMPION SCREW COMPANY *et al.*, Respondents.— (CONTINENTAL ILLINOIS NATIONAL BANK AND TRUST COMPANY OF CHICAGO, Respondent-Executor-Appellant.)

(No. 59948;

First District (4th Division)—September 24, 1975.

514

Sherwin & Sherwin, of Chicago (Theodore R. Sherwin and Marvin A. Brusman, of counsel), for appellant.

Hoffman & Hoffman, of Chicago (Harry Hoffman and Irving Hoffman, of counsel), for appellee.

Mr. JUSTICE ADESKO delivered the opinion of the court:

Respondent, Champion Screw Company, was indebted to David Shandling under a memorandum agreement dated December 15, 1969. On February 12, 1970, Shandling assigned to James R. McLean a $10,000 interest in the debt due Shandling from Champion Screw Company. David Shandling died on April 6, 1970. The executor of his estate, within seven months from the issuance of letters testamentary, filed the inventory including net proceeds due decedent from Champion Screw Company. On September 8, 1970, a supplemental inventory was filed by the executor.

Twenty months after the issuance of letters testamentary on December 16, 1971, petitioner, James R. McLean, filed his petition for a declaratory judgment, seeking to establish the validity of said purported assignment of $10,000 executed by the decedent on February 12, 1970. On June 20, 1972, petitioner, McLean, filed an amended petition for declaratory relief, seeking substantially identical relief and an order directing the executor to release and turn over to the petitioner assets of the estate to the extent of the said alleged indebtedness.

On August 16, 1972, the executor moved to dismiss the amended petition for declaratory relief or in the alternative, an answer thereto, alleging by way of affirmative defense, that the cause asserted by petitioner constituted a claim against the decedent's estate and having been filed more than seven months after issuance of letters testamentary, was barred as to those assets inventoried within the seven month claim period. On August 23, 1972, the trial court found that the decedent had executed a valid inter vivos assignment in the amount of $10,000 and that the estate of David Shandling was not entitled to and was barred from claim-

ing any right in and to the funds due from Champion Screw Company to the extent of the aforementioned assignment.

On October 23, 1973, a petition was filed by McLean directing the respondent, Champion Screw Company to turn over to him, the sum of $10,000. On November 1, 1973, the executor filed its response to the aforesaid petition, asserting that no final order had been entered and that the amended petition of James R. McLean should be dismissed. On November 15, 1973, the trial court denied the executor's motion to dismiss and found that the order of August 23, 1972, was final. The executor appealed, claiming the following issues for review:

1. Whether section 204 of the Illinois Probate Act (Ill. Rev. Stat. 1971, ch. 3, § 204) applies to the Petitioner's action for declaratory relief;

2. Whether the Probate Division of the Circuit Court of Cook County had jurisdiction to enter the order of August 23, 1972; and

3. Whether the order of August 23, 1972, continuing the cause for further hearing on October 10, 1972, was a final and appealable order.

At the conclusion of the hearing before the trial court the executor asked said court to grant it time to cite further law which would convince the trial court that the petitioner's action was a claim. The executor failed to present any such law.

The order of the Circuit Court of Cook County upholding McLean's petition for declaratory relief requiring the executor to turn over the $10,000 is approved. The $10,000 was not an asset of the estate. It had been assigned prior to decedent's death. It was error on the part of the executor to include it as part of the assets of the estate.

■■ The cases cited by the executor hold that, if a claim is not filed within the time fixed by statute, the claim is barred as to the assets inventoried during the claim period. We do not disagree with the decisions of the cases cited, but they have no application to the issue involved herein. The $10,000 was not an asset of the decedent's estate. The petitioner here is not claiming any asset of the estate, and therefore there is no issue with respect to the timeliness of the filing of a claim.

■■ Appellant also contends that the trial court's order of August 23, 1972, was not a final order because the court granted the executor leave to present briefs and for a further hearing at a later date. Apparently appellant mistakes the trial court's courtesy as an indication of indecision on the part of the trial court. After a careful reading of the record, we conclude that there was no question of the finality of the trial judge's order. The executor's failure to present any arguments to change the

trial judge's ruling indicates by implication that the executor had no such arguments to present.

The judgment of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

BURMAN and JOHNSON, JJ., concur.